IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENNIS JEROME PIERCE          §
(TDCJ No. 1836914),           §
                              §
          Petitioner,         §
                              §
V.                            §          No. 3:17-cv-2157-N-BN
                              §
LORIE DAVIS, Director         §
Texas Department of Criminal Justice §
Correctional Institutions Division,  §
                              §
          Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dennis Jerome Pierce, a Texas inmate, has filed a *pro se* application

for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting

action has been referred to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference from United

States District Judge David C. Godbey. The undersigned issues these findings of fact,

conclusions of law, and recommendation that the Court should dismiss the habeas

application with prejudice as time-barred under Rule 4 of the Rules Governing Section

2254 Cases.

**Applicable Background**

Pierce challenges his 2013 Dallas County conviction for indecency with a child

by contact, which resulted in a sentence of 20 years of imprisonment. *See State v.*

*Pierce*, No. F02-24969-Q (204th Jud. Dist. Ct., Dallas Cty., Tex. Jan. 28, 2013). His

federal habeas petition and records available online from Dallas County and the Texas Court of Criminal Appeals (the "CCA") reflect that he did not file a direct appeal.

But Pierce did file a *pro se* state habeas application concerning this conviction and sentence no sooner than December 20, 2015, the date he signed the petition filed in state court. *See Ex parte Pierce*, W02-24696-Q(A). And the CCA denied that petition without written order on August 10, 2016. *See Ex parte Pierce*, WR-84,978-03 (Tex. Crim. App.).

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 4] to provide Pierce fair notice of the limitations issues and to allow him to present his position as to those issues through a verified response to the questionnaire. The Court docketed Pierce's verified questionnaire response on December 5, 2017. *See* Dkt. No. 12.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)　　the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)　　the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Because Pierce did not file a direct appeal, his 2013 state criminal judgment became final for federal-limitations purposes 30 days after that judgment was imposed – or on February 27, 2013. *See* TEX. R. APP. P. 26.2(a)(1). And, "[b]ecause [his] state

habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))). Accordingly, the Section 2254 habeas application, filed no sooner than the date that Pierce signed it (August 9, 2017), was filed more than 3 years and 5 months too late. That application is therefore due to be denied as untimely absent equitable tolling of the limitations period.

In this regard, through his verified response to the Court's questionnaire, Pierce claims that, despite his *pro se*-pursuit of state habeas relief and his *pro se*-filing of this action, "[h]e was mentally incompetent to pursue and execute his own post-conviction remedies." Dkt. No. 12 at 4; *see id* at 4-6 (asserting that state officials, including the judges at both his trials, denied "him access to courts in the early identification and the whole continuum of services for offenders with mental illness" and failed "to advise post-conviction detainees with mental illness of their Constitutional Rights ... warranting both Mandamus and Habeas Relief"); *see also id.* at 6 (further asserting that he was not "informed of the Rules governing the habeas corpus process" or "given an understanding of the issues of jurisprudence").

> The [United Stats Court of Appeals for the] Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner.

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26, 2013) (citations omitted), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

Pierce's claims of mental incompetency are conclusory. He has failed to provide the Court with evidence – or even allege specific facts – to support his claim that a mental disability (or any other alleged impairment) interfered with his ability to seek postconviction relief in a timely manner. That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (citing *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.")); *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*,

2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment); *Mathis v. Stephens*, No. 3:13-cv-180-P, 2014 WL 534940, at *2 (N.D. Tex. Feb. 11, 2014) ("Petitioner argues he is entitled to equitable tolling because his MHMR (mental health/mental retardation) prevented his timely filing. Petitioner, however, has not explained how his MHMR prevented his timely filing. The record shows his pleadings are coherent and that he filed a motion for special review, a state habeas petition and this federal petition."); *Floyd v. Cain*, Civ. A. No. 11-2819, 2012 WL 6162288, at *5 (E.D. La. Sept. 28, 2012) ("*even* if an 'intellectual disability' can in some circumstances serve as a basis for equitable tolling, it would do so only if it in fact *prevented* the prisoner from seeking relief in a timely manner" (emphasis in original; collected cases omitted)), *rec. adopted*, 2012 WL 6162164 (E.D. La. Dec. 11, 2012); *Cutts v. Jones*, No. 1:06cv256-MHT, 2009 WL 230091, at *7 (M.D. Ala. Jan. 30, 2009) ("Cutts' reference to his mental impairment as an implicit basis for equitable tolling entitles Cutts to no relief as he has failed to establish a causal connection between the alleged mental impairment and his ability to file a timely federal habeas petition." (collected cases omitted)).

The lack of a factually-based causal connection between Pierce's alleged mental incompetency and the timely pursuit of federal habeas relief together with the fact that he pursued state and federal habeas relief *pro se*, regardless of his alleged mental impairments, like the petitioner in *Jones*, *see* 541 F. App'x at 505 ("the record makes

clear that regardless of any mental illness, Jones has pursued, without assistance of counsel, both state and federal habeas relief"), prevents Pierce from meeting "his burden of proving that rare and exceptional circumstances exist warranting equitable tolling," *Robinson v. Director, TDCJ-CID*, No. 6:14cv232, 2015 WL 2394096, at *4 (E.D. Tex. May 18, 2015) (citing *Jones*); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE